UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TROY GREENE,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **Jury Trial Demanded** |
| SERGEANT HUI (first name unknown), in his individual and official capacity, POLICE OFFICER HERNANDEZ (first name unknown), in his individual and official capacity, POLICE OFFICER JOHN DOE (first and last name unknown), in his individual and official capacity, and THE CITY OF NEW YORK, | Case No.: 22-cv-1263 |
| Defendants. | |

-------------------------------------------------------------------x

Plaintiff brings this civil rights complaint by and through his undersigned attorney and alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action seeking to recover damages for unlawful search and seizure, false imprisonment, and violations of his rights under the United States Constitution. The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York. This action is brought to redress the deprivation under color of law of Plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, Plaintiff seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that apply.

Plaintiff alleges that the Defendants and their agents unlawfully imprisoned Plaintiff, and unlawfully searched and damaged the Plaintiff's vehicle. As set forth herein, Plaintiff alleges that these violations were committed as a result of the policies and practices of the City of New York (hereinafter "the City") and the New York City Police Department ("NYPD").

## JURISDICTION

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq.*, in the Eastern District of New York, where the Defendant City of New York resides, where Plaintiff resides, and where the actions complained of herein occurred.

## PARTIES

**Plaintiff**

3. Plaintiff, Troy Greene, is, and at all times mentioned herein was, a resident of New York City, Queens County, New York State.

**The City of New York**

4. At all times mentioned herein, the City was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York; and the City acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department (hereinafter "NYPD"), and their employees.

5. The City has a constitutional and statutory responsibility for the conditions at the NYPD, and is responsible for ensuring that the operations of the NYPD and its representatives/agents are in conformity with constitutional and legal requirements.

6. The City is responsible for ensuring that NYPD police – specifically the Defendants named and referenced herein – obey the regulations of the NYPD, the ordinances and laws of New York City, and the laws and the Constitutions of the State of New York and the United States.

7. At all times mentioned herein, the City is and was responsible for the policies, practices and customs of the NYPD.

8. At all times mentioned herein, Defendant the City is and was responsible for the hiring, training, and control of the NYPD and New York City Police Officers.

**Defendant Hui**

9. At all times mentioned herein, Sergeant Hui (hereinafter "Defendant Hui") was and is a member of New York City Police Department, and an employee of the City of New York.

10. At all times mentioned herein, Defendant Hui was a Police Officer acting under color of law and at all times herein was acting in such capacity as agent, servant and employee of the City and the NYPD.

11. This action is brought against Defendant Hui in his official and individual capacities.

**Defendant Hernandez**

12. At all times mentioned herein, Police Officer Hernandez (hereinafter "Defendant Hernandez") was and is a member of New York City Police Department, and an employee of the City of New York.

13. At all times mentioned herein, Defendant Hernandez was a Police Officer acting under color of law and at all times herein was acting in such capacity as agent, servant and employee of the City and the NYPD.

14. This action is brought against Defendant Hernandez in his official and individual capacities.

**Defendant John Doe**

15. At all times mentioned herein, Police Officer John Doe (hereinafter "Defendant Doe") was and is a member of New York City Police Department, and an employee of the City of New York.

16. At all times mentioned herein, Defendant Doe was a Police Officer acting under color of law and at all times herein was acting in such capacity as agent, servant and employee of the City and the NYPD.

17. This action is brought against Defendant Doe in his official and individual capacities.

**FACTS**

18. On or about January 11, 2020, at approximately 10:00 p.m., the Plaintiff was lawfully driving a 2014 Mercedes Benz, CLA 250 in the general vicinity of East New York Avenue and Rockaway Avenue, in Kings County, New York.

19. On or about January 11, 2020, at approximately 10:00 p.m., near the corner of East New York Avenue and Rockaway Avenue, Defendant Hui, Defendant Hernandez, and Defendant Doe (collectively referred to herein as "the Defendant Officers") pulled over the vehicle that the Plaintiff was driving without cause.

20. At the Defendant Officers' request, the Plaintiff produced a valid New York State driver's license and proof of the vehicle's registration.

21. Without any warrant or probable cause, the Defendant Officers ordered the Plaintiff and his passenger to step out of the vehicle.

22. The passenger in the vehicle activated his camera phone and left said phone inside the vehicle when he stepped out.

23. The Defendant Officers ordered the Plaintiff and his passenger to wait near the rear of the vehicle.

24. The Defendant Officers individually and/or collectively began to search the Plaintiff's vehicle without the Plaintiff's consent and over the Plaintiff's objection.

25. The Plaintiff was humiliated as he stood in the cold and passers-by watched and commented on the Defendant Officers detaining the Plaintiff while searching his vehicle.

26. The Defendant Officers individually and/or collectively removed Plaintiff's keys from the vehicle's ignition and attempted to open the glove compartment.

27. When the glove compartment did not open, the Defendant Officers individually and/or collectively forced the glove compartment open thereby breaking the glove compartment in the Plaintiff's vehicle.

28. The Defendant Officers did not recover guns, drugs, or any other contraband during their illegal search of the Plaintiff's vehicle.

29. Plaintiff and his passenger were allowed to leave the rear of the vehicle and get back in the car.

30. When the Plaintiff got back inside his vehicle and noticed that his glove compartment was broken, the Defendant Officers individually and/or collectively denied breaking said glove compartment.

31. The Plaintiff was not arrested and/or given a citation.

32. The entire incident was captured on the passenger's cell phone and streamed live on social media as it took place.

33. As a result of the foregoing, the Plaintiff has suffered damage to his vehicle, emotional distress, psychological damage, and lost wages.

## LEGAL CLAIMS

### COUNT I: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

#### Unlawful Search and Seizure

34. Paragraphs 1-30 are incorporated herein by reference as though fully set forth.

35. The Defendant Officers individually and/or collectively forced the Plaintiff to exit his vehicle and searched his vehicle without the Plaintiff's consent or probable cause to conduct such a search.

36. The Defendant Officers individually and/or collectively damaged the Plaintiff's vehicle while conducting the above-mentioned illegal search.

37. None of the Defendants, at the time of the search and detention of Plaintiff had in their possession any warrant issued by any judge, court, or magistrate authorizing a search of the Plaintiff's vehicle, or the arrest of the Plaintiff, nor had any warrant been issued by any court, judge or magistrate for such a search and/or detention.

38. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the Defendant Officers individually and/or collectively for violation of Plaintiff's constitutional rights under color of law, in an amount to be determined by a jury after due trial.

### COUNT II: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

#### False Arrest and Imprisonment

39. Paragraphs 1-38 are incorporated herein by reference as though fully set forth.

40. The Defendant Officers individually and/or collectively intended to arrest and confine the Plaintiffs after ordering the Plaintiff out of his vehicle and instructing him where to stand.

41. The Defendant Officers individually and/or collectively confined the Plaintiff in that the Plaintiff was ordered to stand in a specific location and was ordered not to move as officers rummaged through his vehicle without cause.

42. The Plaintiff was aware of his confinement in that the Defendant Officers individually and/or collectively told the Plaintiff not to move despite requests for the Defendant Officers to allow the Plaintiff to get back in his car and leave.

43. The Defendant Officers did not have probable cause to arrest the Plaintiff because the Plaintiff had not been engaged in any illegal activity.

44. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the Defendant Officers individually and/or collectively for violation of Plaintiff's constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III: *MONELL* CLAIM AGAINST THE CITY

45. It has been and continues to be the policy and/or custom of the City and the NYPD to temporarily detain, question, and search civilians for weapons and other contraband; and in such encounters, Blacks and Latinos comprise 90 percent of the individuals stopped in such encounters.

46. These policies are commonly referred to as stop and frisk, and historically the City and the NYPD have encouraged officers to stop and frisk law-abiding citizens, and have in the past used the number of individuals that a given officer stops and frisks as a performance metric for that officer.

47. As a result of this policy and/or custom, numerous individuals were unlawfully stopped, detained, and searched without probable cause. The City knew to a moral certainty that this policy and/or custom routinely resulted in the deprivation of individuals' Constitutional Rights,

but the City did not adequately discourage further constitutional violations on the part of their police officers, and acted with a deliberate indifference to such violations.

48. The Defendant Officers individually and/or collectively committed the actions against the Plaintiff described herein while acting as NYPD Police Officers and pursuant to the above-mentioned policy of the City and the NYPD.

49. As a result of the above described policies and customs, police officers of the City and NYPD, including individual Defendants herein, believed that their actions would not be properly monitored by supervisory officers and that such misconduct would not be sanctioned or investigated, but would be tolerated and encouraged.

50. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City and the NYPD to the constitutional rights of persons within the City, including the Plaintiff, and were the cause of the violations Plaintiff's rights alleged herein.

51. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the City for the violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

**WHEREFORE**, Plaintiff prays for relief as follows: (1) that the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate rights secured to Plaintiff by the United States Constitution; (2) that the Court award compensatory damages to the Plaintiff; (3) that the Court award punitive damages to the Plaintiff; (4) that the Defendants be required to pay the legal costs, attorney's fees and expenses in this action; and (5) that the Court grant such further and additional relief as is appropriate.

Dated: New York, New York
       March 8, 2022

                                            Respectfully Submitted,

                              BY: *Richard Washington*
                                   Richard J. Washington (RW 4793)
                                   THE OFFICES OF RICHARD J. WASHINGTON,
                                   ATTORNEY AT LAW
                                   *Attorney for Plaintiff*
                                   Troy Greene
                                   100 Church Street, Suite 800
                                   New York, New York  10007
                                   Tel:    (646) 845-7445
                                   Fax:    (646) 607-9383

To:    All Parties (via ECF)